GALVESTON WHARF COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34602. Promulgated December 31, 1931.

*Fred R. Angevine, Esq.*, for the petitioner.
*P. M. Clark, Esq.*, for the respondent.

OPINION.

LOVE: This proceeding is for the redetermination of deficiencies in income taxes for the calendar years 1923, 1924 and 1925 in the amounts of $10,689.08, $7,940.81 and $13,081.19, respectively. Petitioner is a corporation, organized under the laws of Texas, with its principal office at Galveston.

A petition and three amended petitions have been filed, in which several errors were assigned, all of which have been withdrawn except the one relating to the amount of depreciation that should be considered in arriving at the amounts of certain losses due to the abandonment of certain properties during the years in question.

The parties have stipulated that during the years in question petitioner either retired or replaced the properties listed below, and that the date of acquisition, cost, rate of depreciation and the depreciation sustained on such properties (for two different periods of time) were as follows:

1923

| Property | Acquired | Cost | Rate of depreciation | Depreciation since acquisition | Depreciation subsequent to 1919 |
|---|---|---|---|---|---|
| | | | Per cent | | |
| Stock pens | 1905 | $1,742.79 | 3½ | $1,045.62 | $232.36 |
| Do | 1914 | 1,056.99 | 3½ | 317.07 | 140.92 |
| Boat house | 1905 | 1,400.00 | 3½ | 839.99 | 186.68 |
| Creosote works | 1892 | 37,491.70 | 3½ | 27,493.84 | 4,998.88 |
| Separator | 1902 | 600.00 | 4 | 504.00 | 96.00 |
| Total | | 42,291.48 | | 30,200.52 | 5,654.84 |

1924

| Property | Acquired | Cost | Rate of depreciation | Depreciation since acquisition | Depreciation subsequent to 1919 |
|---|---|---|---|---|---|
| Wharf roadway | 1912 | $3,895.00 | 3½ | $1,557.96 | $649.15 |
| Wood floor (39) | 1911 | 12,451.92 | 2 | 2,988.46 | 906.15 |
| Wood floor (10) | 1915 | 23,544.30 | 3½ | 6,278.48 | 3,139.40 |
| Total | | 39,891.22 | | 10,824.90 | 4,784.70 |

1925

| Property | Acquired | Cost | Rate of depreciation | Depreciation since acquisition | Depreciation subsequent to 1919 |
|---|---|---|---|---|---|
| Shed 16/18 | 1895 | $11,570.41 | 3½ | $8,870.73 | $1,928.79 |
| Do | 1911 | 529.90 | 3½ | 229.60 | 88.33 |
| Shed and pier | 1902 | 33,987.86 | 3½ | 26,057.37 | 5,665.78 |
| Total | | 46,088.17 | | 35,157.70 | 7,682.90 |

The respondent contends that, in determining the amount of the loss due to the abandonment of the properties included in the preceding schedules, all the depreciation sustained since the acquisition of such properties, as shown in the next to the last column above, should be deducted from the basis of such properties. Petitioner, on the other hand, contends that only the depreciation sustained and allowed subsequent to the year 1919, as shown in the last column above, should be deducted.

At the hearing the parties orally stipulated as follows:

Mr. ANGEVINE: * * * I will state to your Honor that last year before the Board we tried another case of the Galveston Wharf Company, where a similar issue was presented, and that was Docket 39511.

I think it is agreeable that we enter into a stipulation with regard to the rate of depreciation and the amount written off, but the question of how much these particular properties sustained depreciation down to the date they were written off depends on the outcome of the other case, the findings of the Board in the 1920 and 1921 case.

The MEMBER: That has not been decided yet?

Mr. ANGEVINE: That has not been decided yet, and if it is agreeable to Mr. Clark, I would like to have it stipulated in this case, Docket 34602, that the evidence before the Board on the question of depreciation and the question as to the value of the assets, the depreciable assets on the books as of the beginning of this taxable year, that that be determined by the evidence in the other case.

I do not want to make this case dependent upon the other case, but I would like to stipulate that we consider the evidence in the other case before the Board in this case.

The MEMBER: Just in lieu of introducing it now?

Mr. ANGEVINE: Yes, sir.

Mr. CLARK: That is quite agreeable. What I did want to particularly avoid is stipulating the decision in the prior case shall be controlling in this case, but, I would like for the Board to have an open mind on this case. However, I am agreeable to have the evidence stipulated in this case so far as pertinent.

The MEMBER: It will be so considered.

Our report of the proceeding referred to in the above stipulation may be found at 22 B. T. A. 1312. We there found as a fact that any depreciation which may have been sustained prior to the year 1920 was more than offset by improvements, replacements and repairs, the cost of which was charged to expense, and we perceive no grounds for changing our conclusions as therein expressed. Petitioner has not been allowed any depreciation on the assets in question prior to the year 1920. We, therefore, hold that the basis for determining the loss at issue in the instant case should not be reduced by any adjustment for depreciation prior to the year 1920.

*Judgment will be entered under Rule 50.*